The opinion of the Court was delivered by
Todd, J.
The plaintiff enjoined the execution of an order of seizure and sale against a certain plantation mortgaged to the defendant, Mrs. Postlewhaite, by J. Burnet, J. M. Frankenbush and F. C. Englesing, members of the commercial partnership of J. Burnet & Co. The plaintiff alleged, in substance, that he bought in 1874 one-lialf of this plantation known as “ Wayaway Plantation,” from the parties above named, and subsequently bought the one-third interest of Burnet in the other half, but that his deeds were never recorded. That in 1877, the said parties, without his consent, mortgaged the entire plantation to Mrs. Postlewhaite for ten thousand dollars. That after the purchase of his interest in said plantation he'became a planting-partner with his co-proprietors and sole manager of the plantation, and shipped to their firm in New Orleans for sale at least 800 bales of cotton, for which no account had been rendered. That the partnership of J. Burnet & Co. was dissolved in 1878, arid J. M. Frankfenbush became the liquidator of the same.. That in 1881, at the request of Fraukenbusli and to benefit him in some contemplated litigation, he executed bis note for the lease of the plantation, payable to the order of said Frankenbush, liquidator, but with the distinct understanding that his rights as part owner were not to be affected thereby. That nearly the entire mortgage debt had been paid to Mrs. Postlewhaite, but that a fraudulent combination between Frankenbush and Mrs. Postlewhaite had been entered into, by which she was interposed in this proceeding by means of which Frankenbush, or some one for him, was to buy iu the plantation in irtter disregard of plaintiff’s rights therein, under his purchases, although the mortgage debt or the greater part of it had been paid. He asked to have the parties cited and for an injunction against the sale of his interest in the plantation, and also against the negotiation *1236 of his rent note for $3,150, and for relief generally, in accordance with his allegations, and in case of eviction he prayed for $20,000 damages against his co-proprietors.
The defendants excepted to the petition on the ground of misjoinder of parties, having separate and distinct interests, and the cumulation of different causes of action in the same suit. The exception was sustained, so far as to dismiss all that part of the suit relating to the alleged planting partnership, and which demanded an account for the cotton shipped by the plaintiff to J. Burnet & Co., and enjoined the negotiation of the rent note and asked for its cancellation.
From this judgment the plaintiff moved for an appeal, which was refused by the Judge a quo, except as to that part of it relating to the rent note; and from this portion of the judgment alone the appeal was granted. 'No step was taken by the plaintiff, by mandamus or otherwise, to enforce his right of appeal from the entire judgment. And although the whole judgment is discussed by the appellant’s counsel, it is quite apparent that the only part of that, judgment before us and the only part we can review is that relating to the rent note. We cannot recognize an appeal unless it is supported by an order of appeal, and here there is no order of appeal, save and except as to the one feature of the judgment referred to. The difficulty will at once be seen of ,having, among so many issues contained in the pleadings and so closely connected, to single out one issue and pass upou it alone, regardless of everything else presented either in the petition or the exception thereto. Any action we might take or any expression we might use relating to the one point before us on this appeal, might seem to bear trpon other parts of the judgment., with which, at present, we can have nothing to do. Fully appreciating this difficulty, we have read over the entire pleadings, as it was necessary to do in order to discover the bearing and significance of this special matter upon the rights of the parties under the pleadings; and inasmuch as it. is apparent., taking as time the allegations of the petition, that a serious injury might result to the plaintiff if the rent, note in question was negotiated before the questions at issue between the parties are finally determined, we have concluded that it would best subserve the cause of justice if the status quo touching this note is preserved until all the issues in this case are properly before us on appeal, or the controversy between the parties is otherwise settled ; and this can only be done by remanding the cause and reinstating the injunction quoad hoo. In doing this we carefully abstain from conveying any intimation in regard to the character of this note — as to whether it was real or simulated, and should or not be cancelled — aud also in regard to the propriety of the ruling of the Judge a quo in sustaining in part the exception. All these questions, *1237 as well as the right of injunction against the negotiation of the note in question, which we now provisionally reinstate, as relates to its merits, are reserved for future adjudication, should those matters ever come before us again.
We have come to this conclusion after a careful review of the entire pleadings, without prej udging or intending to foreshadow in the slightest degree what our ultimate conclusions may be upon any single issue in the case.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed and the case remanded, to be proceeded with according to law and the views herein expressed; and that the exception filed in the lower court, so far as it relates to the rent note executed by the plaintiff for the rent of the Way a way Plantation for the year 1881, and to the injunction against its negotiation, be and the same is hereby overruled; defendants to pay costs of appeal.
Rehearing refused.